1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LYNN DALSING,

                    Plaintiff,

        v.

PIERCE COUNTY, A MUNICIPAL
CORPORATION,

                    Defendant.

CASE NO. 3:12-cv-05306-RBL

ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND

This matter is before the Court on Plaintiff's Motion to Remand this action to King County Superior Court. (Dkt. #8). For the reasons below, Plaintiff's motion is GRANTED, and Plaintiff's request for attorney fees is DENIED.

## I. FACTUAL BACKGROUND

This case arises out of Plaintiff's December 8, 2010 arrest. Plaintiff alleges she was falsely arrested as the result of an improper investigation. Decl. of Diamonstone, Ex. 1, Pl.'s Compl. at ¶ 3.1 (Dkt. # 9).

In the midst of investigating sex-crimes and pornography cases against Plaintiff's husband, Pierce County detectives discovered a photograph depicting a woman posing naked with a naked female child. The detectives identified the woman in the photo as Plaintiff, and

determined that the photo was taken in her bedroom. Plaintiff was held at the Pierce County jail from December 8, 2010 until July 13, 2011, a period of more than seven months. *Id.* Ex. 1, Pl.'s Compl. at ¶ 3.6. The criminal case against Plaintiff for child molestation and sexual exploitation of a minor was dismissed without prejudice after a national agency identified the photo as part of the known "Felishia Series" of photographs that did not depict Plaintiff. *Id.*, Ex. 1, Pl.'s Compl. at ¶ 3.3, Ex. 8.

Plaintiff sued in state court in March, 2012, asserting state tor claims for false arrest and malicious prosecution. The County timely removed the case to this Court (Dkt. # 1), alleging that Plaintiff's complaint raises a federal question under 28 U.S.C. § 1331. Specifically, Defendant argues that Plaintiff's complaint includes a claim of concealment of exculpatory evidence, violating the County's obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) (prosecution has a constitutional duty to turn over exculpatory evidence that would raise a reasonable doubt about defendant's guilt). *Id.* Defendant asserts that Plaintiff's *Brady* violation claim is exclusively actionable under 42 U.S.C. § 1983.

Plaintiff responds that her claims are based solely on Washington tort law and that removal was not proper. Plaintiff argues that reference to *Brady* was pled as "evidentiary detail that is unnecessary to establish the elements of her cause of action for malicious prosecution." Plaintiff further maintains that she brings no § 1983 claim and does not ask for punitive damages or reasonable attorneys fees under 42 U.S.C. § 1988. In sum, Plaintiff argues that: (1) Pierce County cannot meet its burden to establish that removal was proper; (2) federal law is not a necessary element to her claims of false arrest or malicious prosecution; (3) if necessary, she should be allowed to amend her complaint to strike reference to *Brady*; and (4) Defendant

unreasonably removed the case to federal court, entitling her to attorneys fees and expenses under 28 U.S.C. § 1447(c).

## II. DISCUSSION

Removal is proper where the district court has original jurisdiction; that is, the claim must "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action "arises under" federal law when "federal law creates the cause of action." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

**A. Defendant has not met its burden of establishing that The Court has federal question jurisdiction.**

The removal statute is strictly construed against removal, and the party seeking removal bears the burden of establishing that removal is proper. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Additionally, the well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Thus, as "the master of [her] complaint," Plaintiff may "avoid federal jurisdiction by relying exclusively on state law." *Id.* However, Plaintiff "may not avoid federal jurisdiction by omitting from [her] complaint federal law essential to. . . her claim or by casting in state law terms a claim that can be made only under federal law." *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 981 (9th Cir. 1997). Conversely, a state law claim is not transformed into a federal cause of action merely because a complaint references federal law. *Id.*

It is Defendants position that removal is proper because Plaintiff's complaint "expressly alleges a uniquely federal" claim. Def.'s Resp. at 4. Plaintiff's complaint, however, contains a separate section labeled "causes of action," and under this section, Plaintiff does not mention once any federal claim for relief. *See* Pl.'s Compl. at ¶¶ 4.1–4.2. Although Plaintiff does refer to

*Brady* in the body of her complaint, no remedies unique to a federal cause of action, such as attorneys fees, were pled, and she makes no reference to § 1983.  Reading Plaintiff's complaint in this light reveals that Plaintiff, as the "master" of her complaint, chose to maintain claims only under state law.

Even where a state law creates the cause of action, a district court still may have subject matter jurisdiction over a case if "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims[.]"  *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 13 (1983).  Defendant asserts that Plaintiff's *Brady* allegation is a necessary element of her malicious prosecution claim, and thus, removal was proper. Def.'s Resp. at 5.  However, as Plaintiff correctly points out, a *Brady* violation (i.e. withholding of exculpatory evidence) is not an element of malicious prosecution.  In order to prevail on her malicious prosecution claim under Washington law, Plaintiff must prove that there was "want of probable cause" and that the defendant acted with "malice."  *Bender v. City of Seattle*, 99 Wash. 2d 582, 593 (1983).  Plaintiff referenced *Brady* merely as evidence that the prosecutors acted with malice and lacked probable cause. *See* Pl.'s Mot. to Remand at 9–10. Plaintiff shows that, even without the *Brady* reference, she can still maintain a cause of action for malicious prosecution.  *Id.*  (citing Washington case law to support claim that Defendant acted with malice and without probable cause);  *Rains v. Criterion Systems, Inc.*, 80 F.3d 339 (9th Cir. 1996)  (reference to Title VII of Civil Rights Act did not transform a state law claim into a federal one where complaint also invoked state law that served the same purpose).

Accordingly, Plaintiff's claims do not arise under the Constitution or the laws of the United States.

**B.  Defendants did not unreasonably remove the case.**

Plaintiff argues that Defendant unreasonably removed the case and should have understood that she brought only state law claims.  Accordingly, Plaintiff asks the Court to award attorneys fees and expenses under to 28 U.S.C. § 1447(c).  However, where there is an "objectively reasonable basis" for seeking removal, the fees should be denied.  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Although Defendant's arguments for removal are without legal merit, they are not unreasonable.

### III. CONCLUSION

Plaintiff's motion is GRANTED, and her request for attorney fees is DENIED.  The matter is REMANDED to the King County Superior Court.

IT IS SO ORDERED.

Dated this 11th day of June, 2012.


Ronald B. Leighton
United States District Judge